FROST <i>v.</i> HANFORD and another.

A stipulation in articles of copartnership, that one partner shall not contract debts without the consent of the other, does not affect the claim of a third person against both, for goods sold to the firm on credit, in the usual course of business, without notice of the stipulation.

A defendant is not a competent witness in behalf of his co-defendant, when the fact which he is offered to prove relates to a matter in which both are jointly interested, and would, if established, defeat a recovery against either.

This court will not, on appeal from the marine or district courts, notice an objection, then first made, to testimony as irrelevant, when it has been received below without objection.

THIS was an appeal by one of two copartners, from a judgment entered against them in one of the district courts. The facts appear in the opinion.

BY THE COURT. WOODRUFF, J.—The defendants were sued,

as copartners in trade, for goods sold and delivered by the plaintiff. The proof abundantly established the copartnership and the sale, delivery, and value of the goods. The appellant insists, that, having provided by the articles of copartnership that Hanford should not contract debts without his assent, he is not liable for these goods.

However valid such a stipulation may be between the copartners themselves, it does not affect third persons dealing with the firm in the usual course of their business, unless knowledge thereof is brought home to such third persons. But here, *First.* There is no sufficient evidence that the plaintiff was aware of any such stipulation. *Second.* The evidence was explicit, that dealing in the articles sold was within the usual scope of the business in which the defendants were engaged.

The appellant further insists, that the evidence of the witness, Eppstein, ought not to have been received. It would be sufficient to say, that his evidence does not appear by the return to have been objected to in the court below, and we cannot, on appeal, notice an objection that evidence given was irrelevant, when the appellant acquiesced in its reception. But were it otherwise, the objection was entirely groundless. The evidence was relevant, and tended to show not only that the purchase in question was within the usual scope of the copartnership business, but also, that the appellant's familiarity with the business actually done, was such as to warrant a presumption of his assent thereto.

The remaining ground upon which the judgment is sought to be reversed, is, that the testimony of his co-defendant, Hanford, ought to have been received in favor of the appellant. On this point, the terms of § 397 of the code, upon which the appellant's claim to examine Hanford is based, are not of doubtful meaning. The matter to which Hanford was sought to be examined, among other things, was, that the goods in question were not purchased, but only received to be disposed of, and to be paid for, *when sold.* As to this matter, he was jointly interested with the appellant. Upon this matter, if established

by the proofs, the judgment must have been rendered against the plaintiff and in favor of both defendants. The witness was, therefore, not competent.

The judgment must be affirmed with costs.